GODEFROY
ET AL.
*vs.*
ALDERSON.

cuted, nor is a defendant who has annexed thereto cross interrogatories entitled to a continuance on the ground of their being unanswered.

*Morse*, for appellant.  *Mercier*, for appellee.

---

GODEFROY ET AL. *vs.* ALDERSON.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

An agent is a competent witness, and a demand made by him in the presence of another witness, is one made in the presence of two witnesses.

Where a purchaser is unable to comply with the terms of sale, and agrees that the property shall be sold at his risk, it is not necessary that the sale should be by auction.

EASTERN DIS.
July, 1832.

GODEFROY
ET AL.
vs.
ALDERSON.

The facts are fully stated in the opinion of the court, delivered by PORTER, J.

The petitioners state that they contracted with the defendant, and shipped to him from Hamburgh, four hundred tons of iron, and that having failed to comply with the terms and conditions on which the contract was made, they sold a portion of it to one Layton, and that a loss resulted from this sale of two thousand five hundred and thirty-seven dollars and eighty-four cents, for which the defendant is responsible.

The answer admits the purchase, and avers the defendant was always ready and willing to comply with the conditions on which it was made; that the agents of the petitioners in this city, illegally sold the iron, and by reason thereof, and payments the defendant has made to them, the plaintiffs are indebted to him in the sum of seven thousand one hundred and thirty-nine dollars and sixty-nine cents. Judgement in reconvention is prayed for this sum.

The cause was submitted to a jury who found a verdict in favor of the plaintiffs. The defendant made an unsuccessful attempt to obtain a new trial, and appealed.

The case is one of great simplicity. The sale was made for cash, and on the arrival of the iron here, the defendant to whom it was consigned, paid the duties. Being unable to comply with the terms of the original contract, an agreement was entered into between him and the agents of the plaintiffs, by which he relinquished all claim on the greater portion of the iron until he paid the amount due to the plaintiffs. The iron was to be stored in the name of the agents. Stated periods were fixed, at which the defendant was authorized to take it away in portions, on paying for it; and it was stipulated, that in case he failed to receive and settle for the iron at the period mentioned in the contract, the agents were at liberty to dispose of part, or the whole of the remainder on the best possible terms, the defendant binding himself to make good any deficit which might exist between the proceeds of that sale, and the amount due by him to the plaintiffs.

This transaction has been assimilated, in argument, to a contract of pledge, but in our judgement incorrectly. To produce such a contract in this case, Alderson must have been the owner of the iron; but by the terms of the agreement he renounced all claim on it. The first contract was a conditional one, namely, that the defendant on receiving the property was to pay the cash. But whether it was absolute or otherwise, the parties put an end to it, and by the agreement entered into, the second contract clearly depended on a condition, viz., that the defendant should take the iron at stated times, and pay for it as he received it.

EASTERN DIS.
July, 1832.

GODEFROY
ET AL.
vs.
ALDERSON.

This agreement he did not comply with, and by the stipulations entered into, he was to pay all damage that might arise from a resale. It is contended that before the plaintiffs could sell, the defendant should be put in default. Admitting this position to be correct. There is evidence on record he was put in default. It is proved by two witnesses that a demand was made on him to comply with his agreement, and that he failed to do so.

There are two bills of exceptions on record, which require to be noticed.

The first was to the admissibility of the agents of the plaintiffs as witnesses. The principle has been long settled, that persons standing in that situation are competent, and this case does not present any circumstances to take it out of the general rule.

The second bill of exceptions is disposed of by the opinion which this court entertains, that the defendant was put in default. But connected with this subject is the objection made by his counsel, of the insufficiency of the proof to prove the demand. It is urged, the 1905th article of the code requires a demand in the presence of two witnesses; and that, in the present instance, the demand was made by one of the two witnesses, therefore, there was not the requisition which the law requires. We think, in a case like this, where the agent who makes the demand is a competent witness, that a demand by him, in presence of another witness, is one made

*An agent is a competent witness, and a demand made by him, in the presence of another witness, is one made in the presence of two witnesses.*

EASTERN DIS. in the presence of two witnesses; because both are compe-
*July, 1832.* tent witnesses of the fact.

STRONG      We know of no law, and no usage has been established,
*vs.*
COURCELLE. which, on an agreement of the kind here proved in evidence,

Where a requires a sale by auction. It is sufficient, if it be shown the
purchaser is
unable to com- sale was *bona fide*, and the fair market price obtained.
ply with the      On the merits, we believe the jury came to a correct
terms of sale,
and agrees that conclusion.
the property
shall be sold at
his risk, it is      It is, therefore, ordered, adjudged, and decreed, that the
not necessary
that the sale judgement of the District Court be affirmed, with costs.
should be by
auction.
     *Slidell* and *Eustis*, for appellant.

     *Canon* and *Lockett*, for appellees.